Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5024 <br> 93 C 7452 | **DATE** | April 18, 2002 |
| **CASE TITLE** | Factor VIII or IX Concentrate Blood Prods. Litigation (MDL-986) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter order directing Sylvan Hart to pay sanctions to the fractionator defendants.

( ) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed/faxed by judge's staff. | | APR 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 500 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice <br> KAM <br> mailing deputy initials | |

96-5024.017

April 18, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | MDL-986 |
| | ) | |
| FACTOR VIII OR IX | ) | No. 96 C 5024 |
| CONCENTRATE BLOOD | ) | 93 C 7452 |
| PRODUCTS LITIGATION | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER
*(Concerning Sanctions Against Sylvan Hart)*

On September 5, 2001 the court indicated that it would impose a sanction against Sylvan Hart for the fraudulent claim he made in this case and that the monetary amount of the sanction would be equal to some portion of the costs incurred by the defendants in proving the fraud. On October 15, 2001 we received a response from Mr. Hart which raised some questions about the factual determinations we had made in the order of September 5. On October 17, 2001, we requested the fractionators to respond to Mr. Hart's submission, and they did so on December 7, 2001. Finally, on January 28, 2002, the court received a further response from Mr. Hart, indicating that the Benjamin law firm had withdrawn from his case and he needed to find a lawyer who would help him reply to the December 7 submission of the fractionators.

The fractionators have satisfactorily answered the questions

the court had about the listing of Nathan Portnoy in the Medical Directory of New York State and the possible use of the term HIV as early as 1982. The court is persuaded that the listing in the Directory does not mean that Nathan Portnoy was practicing medicine in 1984[1], and the apparent 1982 reference to HIV in the "News Update" submitted by Mr. Hart simply bore an incorrect date; the Science News article referred to in the Update was actually published in 1989.

If Mr. Hart has any response to these additional submissions by the fractionators, he could file it without the assistance of a lawyer. His submission of October 15, 2001, which included the materials that prompted the court to ask for additional information from the fractionators in the first place, was prepared without the assistance of a lawyer. Mr. Hart's problem is not the lack of a lawyer; his problem is a lack of any innocent explanation of the Portnoy letter, and no lawyer could help him with that.

The fractionators have submitted for consideration by the court the invoices of David J. Volsky, Ph.D., for $1,500.00 and Rodger MacArthur, M.D., for $375.00. We will include these amounts in the sanction. In addition, the fractionators suggest that a reasonable portion of the $22,092.64 bill of investigator Robert E. Walsh to assess against Mr. Hart would be $7,364.21, or one-third of the total bills. We disagree with this. The minimal

---

[1] That the address on the Portnoy letter turns out to be an apartment house, rather than an office building, is of some relevance.

amount of work done by Mr. Walsh in regard to the Portnoy letter (described at paragraphs 3-4 of his declaration of November 19, 1999) could not possibly have taken more than two or three hours. It consisted of writing a letter to New York State Education Department, making a telephone call to the Maryland Office of Physician Quality Assurance, and obtaining some vital statistics concerning Nathan Portnoy, probably at least in part from the Internet. Allowing three hours at $100 an hour, a reasonable rate for these simple tasks, comes to $300.00.

These amounts total a little over $2,000.00, which would be an insignificant sanction for the serious misconduct of Mr. Hart. It would not be sufficient to serve as a meaningful deterrent, which is one of the purposes of the sanction. The fractionators have not asked for any of the fees they incurred for the considerable amount of work their attorneys did in defending against Hart's fraud and pursuing this motion for sanctions. The court believes they should have at least a token reimbursement of $3,000, which would bring the total sanction to a more appropriate figure of $5,000.00.

-4-

## **CONCLUSION**

The court orders Sylvan Hart to pay to the fractionator defendants, as a sanction for his having made a false and fraudulent claim that he is HIV positive, the sum of $5,000.00. Payment shall be made by June 30, 2002.[2]

Date:     April 18, 2002

ENTER:    _/s/ John F. Grady_
          John F. Grady, United States District Judge

---

[2] The fractionators may divide the money among themselves as they see fit. Mr. Hart should send his payment to attorney Geoffrey Smith, Suite 900, 1350 I Street, N.W., Washington, D.C. 20005, who may serve as all defendants' repository for this purpose.

If the defendants desire a formal judgment order, they may submit one.