Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5024 | **DATE** | July 9, 2002 |
| **CASE TITLE** | Factor VIII or IX Concentrate Blood Prods. Litigation (MDL-986) WALKER v. BAYER CORP. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion regarding Alpha-Baxter/Armour dispute on interest.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| x | Notices mailed by judge's staff. | | JUL 1 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 503 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 10 PM 5: 12 | July 9, 2002 | |
| | | | date mailed notice | |
| KAM | courtroom deputy's initials | FILED-OT 03-0371J | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | MDL-986 |
| | ) | |
| FACTOR VIII OR IX | ) | No. 96 C 5024 |
| CONCENTRATE BLOOD | ) | 93 C 7452 |
| PRODUCTS LITIGATION | ) | |
| | ) | |

DOCKETED

JUL 11 2002

## MEMORANDUM OPINION

The court has under advisement the dispute between Alpha and Baxter-Armour as to whether Alpha owes Baxter-Armour interest on the shortfall in Alpha's payments to the settlement trust. The parties have submitted letters to the court outlining their positions, and the court has reached the following conclusions:

1. Equitable principles, such as quasi-contract, unjust enrichment and money had and received do not apply if the parties have an express contract on the subject in question.

2. Baxter-Armour claims that in fact there is an express agreement by Alpha to pay interest on the principal amount owing. It is their position that the contract was entered into at the time Ernst & Young was engaged for the audit. Mr. Berkman, counsel for Baxter, states in his April 4, 2002 letter to Mr. Bell, counsel for Alpha:

> We all agreed to have E&Y do an audit report

503

> to see if there were any major discrepancies
> in the MetLife numbers and to calculate the
> interest on the under payments (emphasis
> added).

The contention is spelled out in a little more detail in the

affidavit of Teresa Zintgraff Youhanaie, one of the attorneys for

Baxter. She states in paragraph 6 of her affidavit that:

> It was decided that after the proper
> allocation of all claims had been determined,
> interest would be recalculated to follow the
> dollars. I believe that decision was reached
> at a meeting conducted in May, 2000 at the
> offices of McDermott, Will & Emery in Chicago,
> which I attended along with representatives of
> all four fractionators, including Alpha.

In paragraph 7 of her affidavit, Ms. Youhanaie describes the

retention of Ernst & Young and how the four fractionators,

including Alpha, "carefully considered, debated and agreed upon"

the "agreed upon procedures" that Ernst & Young would follow in

conducting the audit. The Ernst & Young audit would "reflect,

among other things, application of interest on reallocated account

balances." The affidavit attaches the report of Ernst & Young

concerning these "agreed upon procedures," and paragraph 15 of the

Report states:

> We recalculated the interest on each
> Fractionators' separate account based on the
> daily balances appearing in the Cumulative
> Statement by applying a consistent interest
> rate to all balances, whether having a
> positive or negative balance. See Schedule
> ___.

In response to Ms. Youhanaie's affidavit, which was attached

to Mr. Berkman's letter to the court dated June 17, 2002, Andrew L. Goldman, Esq., another attorney for Alpha, submitted a letter to the court dated June 27, 2002, arguing essentially that because there was a contractual relationship between the parties (albeit not covering the question of interest), equitable principles do not apply.

Mr. Goldman's letter states that "there is no specific agreement requiring Alpha to pay interest" (p. 2), but he does not address the claim in Ms. Youhanaie's affidavit that in fact there was just such a specific agreement.

3.   If the Youhanaie affidavit alleged facts sufficient to support a finding by the court that Alpha agreed to pay interest, we would enter judgment now in favor of Baxter-Armour. However, the affidavit is insufficient because it does not provide admissible evidence. The statements in paragraph 6 that "it was decided that after the proper allocation of all claims has been determined, interest would be recalculated to follow the dollars, and that "it was my understanding that Alpha's deficiency would thus be calculated to include both principal and interest due" are simply conclusions of the affiant. Similarly, the recitation in paragraph 7 that the "agreed upon procedures" had been "agreed upon by all four fractionators, including Alpha" is nothing but a conclusion. Exactly what was said, and by whom? Who was there for Alpha and what did the Alpha representative(s) say?

The generalities in the Youhanaie affidavit prove nothing, nor

do they frame an issue for decision.

    4.    We will give Baxter-Armour another opportunity to make their case.  What is needed is an affidavit attesting to facts, to which the affiant can competently testify, showing the existence of an enforceable agreement by Alpha that it would pay interest on the balance due.  If such an affidavit is filed, then the court will direct Alpha to file a counter-affidavit.  If affidavits are filed and they present a genuine factual issue, we will set a date for an evidentiary hearing.[1]

Baxter-Armour should file its affidavit, and accompanying memorandum, by July 19.  If such an affidavit is filed, Alpha shall file its counter-affidavit, and accompanying memorandum, by July 29.  Baxter-Armour may file a reply memorandum by August 8, 2002.

Date:    July 9, 2002

ENTER:    _____
        John F. Grady, United States District Judge

---

[1]    We will allow pre-hearing discovery, including depositions, on the motion of any party demonstrating a need.